IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TRACY PINKNEY,

    Petitioner

    v.

UNITED STATES JUSTICE
DEPARTMENT[1], *et al.*,

    Respondents

CIVIL NO. 1:10-CV-0102

Hon. John E. Jones III

## **MEMORANDUM**

March 10, 2010

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

Petitioner Tracy Pinkney ("Petitioner" or "Pinkney"), an inmate presently confined at the Schuylkill Federal Correctional Institution ("FCI Schuylkill") in Minersville, Pennsylvania, initiated the above action *pro se* by filing a Petition for Writ of Habeas Corpus under the provisions of 28 U.S.C. 2241. (Doc. 1.) He has paid the required $5.00 filing fee. (Doc. 3.) For the reasons set forth below, the

---

[1] Pinkney names the United States Department of Justice, the Federal Bureau of Prisons, and Warden Sniezek as Respondents. Pursuant to 28 U.S.C. § 2243, the writ of habeas corpus shall be directed to the petitioner's custodian. The warden of the prison where the petitioner is held is considered the custodian for purposes of a habeas action. *See Rumsfeld v. Padilla,* 542 U.S. 426, 442 (2004). Accordingly, the Court will deem Warden Sniezek to be the only properly named Respondent for our present purposes.

Petition will be dismissed without prejudice to any right Pinkney may have to reassert his claims in a properly filed civil rights action.

The nine (9) grounds asserted by Pinkney in his Petition may be summarized as follows:

> **(1)** the FCI Schuylkill staff has created unsafe conditions in violation of the Eighth Amendment by failing to install security cameras (Doc. 1 at 10);
>
> **(2)** Pinkney's right of access to the courts has been violated by the denial of his request to correspond with his co-defendant (*id.* at 11-13);
>
> **(3)** the Federal Bureau of Prisons has violated its own rules by failing to give Pinkney a pay raise or exemption (*id.* at 14);
>
> **(4)** Pinkney's Fourteenth and Fifth Amendment rights to due process and access to the courts were violated through the handling of his administrative remedies by Captain Taggart and Warden Sniezek (*id.* at 15-16);
>
> **(5)** the FCI Schuylkill staff has created unsafe conditions in violation of the Eighth Amendment by leaving Pinkney's unit unattended by a correctional officer on multiple occasions (*id.* at 17);
>
> **(6)** the FCI Schuylkill staff is misappropriating funds as evidenced by the fact that Pinkney paid $5.10 for a copy card at the commissary, but the card only had a $3.90 value, and by the fact that the institution does not place proceeds from recycling back into inmate trust fund accounts (*id.* at 18);
>
> **(7)** FCI Schuylkill is not in compliance with national policy regarding the "national menu" for breakfast, and also is misappropriating funds (*id.* at 19-20);

**(8)** Physician Assistant Rush and the Health Administrator exhibited deliberate indifference to Pinkney's serious medical needs when Pinkney attended a medical appointment for a bump on his neck, and Rush just told him that the institution does not provide cosmetic surgery and the Health Administrator advised him to return when the bump became infected (*id.* at 21); and

**(9)** Case Manager Manback violated BOP policy and the Fifth and Fourteenth Amendment in her manner of conducting Pinkney's classification and program review. (*id.* at 22-24).

As relief, Pinkney requests that this Court order "Defendants" to adhere to the rules and regulations set forth by the United States Supreme Court and to provide any relief this Court deems appropriate. (*Id.* at 25.)

**DISCUSSION**

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Review; Serving the Petition and Order") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions through Rule 1(b)). *See, e.g., Patton v. Fenton,* 491 F.Supp. 156, 158-59 (M.D. Pa. 1979).

Rule 4 provides, in pertinent part, "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from

3

the petition itself." *Allen v. Perini,* 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied,* 400 U.S. 906 (1970). The *Allen* court also stated that "the District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face." *Id.*

The purpose of a petition for writ of habeas corpus is to allow a person in custody to challenge either the fact or duration of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002). Federal habeas relief is unavailable unless the petition attacks "the validity of the continued conviction or the fact or length of the sentence." *Leamer*, 288 F.3d at 542. Under § 2241, a petitioner also may challenge the "execution" of his sentence, meaning how it is "put into effect" or "carr[ied] out." *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 243-44 (3d Cir. 2005) (allowing habeas challenge under § 2241 to prison's refusal to transfer inmate to halfway house). In contrast, where "a judgment in Petitioner's favor would not affect the fact or duration of Petitioner's incarceration, habeas relief is unavailable." *See Suggs v. Bureau of Prisons,* 2008 WL 2966740, at *4 (D.N.J. July 31, 2008) Rather, "when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate." *Leamer*, 288 F.3d at 542.

None of Pinkney's grounds challenge the execution of his sentence, and, if the

4

relief he requests were granted, it would not affect the duration of his confinement. Rather, Pinkney asserts that he has been subjected to conditions of confinement that violate the Constitution based on a series of unrelated incidents at FCI Schuylkill, and requests relief based upon those alleged violations. Therefore, his claims must be pursued through a civil rights action. *See Preiser*, 411 U.S. at 499. Accordingly, Pinkney's Petition will be dismissed without prejudice to his ability to pursue his claims in a properly filed civil rights action.[2] An appropriate Order will enter.

---

[2] The Court expresses no opinion as to the merits, if any, of any civil rights claims Petitioner may file based upon the facts asserted in the instant Petition.